UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALVIN GONZALEZ BOTEO,

                Plaintiff,

           v.

KAZ THOROUGHBRED HORSE CENTER, LTD., *et al.*,

                Defendants.

Civil Action No. 23-2592 (MAS) (JBD)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    This matter comes before the Court upon Plaintiff Alver Gonzalez Boteo's ("Plaintiff") unopposed Motion to Remand this action to the Superior Court of New Jersey, Law Division, Monmouth County. (ECF No. 2.) The Court has carefully considered Plaintiff's submission and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over the parties' dispute and grants Plaintiff's Motion.

    On April 6, 2023, Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Monmouth County against Defendants Kaz Thoroughbred, Ltd. ("Kaz Thoroughbred"), Panayiotis "Peter" Kazamias ("Kazamias"),[1] Canka Stables and Farm LLC ("Canka Stables"), Albert Canka ("Albert"), and Baudin Canka ("Baudin,")[2] (collectively, "Defendants") alleging violations of the New Jersey Wage and Hour Law. (*See generally* Compl., ECF No. 1-1.) On May

---

[1] The Court refers to Kaz Thoroughbred and Kazamias as the "Kazamias Defendants."

[2] The Court refers to Canka Stables, Albert, and Baudin collectively as the "Canka Defendants."

12, 2023, the Kazamias Defendants removed this case to this Court, asserting diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1.) Plaintiff's unopposed motion to remand followed. (Mot. to Remand, ECF No. 2.) In the instant Motion, Plaintiff contends that the Court lacks subject matter jurisdiction because the Complaint sounds exclusively under state law. (*See generally* Pl.'s Moving Br., ECF No. 2-3.) Plaintiff avers that the Kazamias Defendants improperly removed the action under 28 U.S.C. 1441(b). (*Id.*)

Federal courts are courts of limited jurisdiction, and they must have the power to hear a case. *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). Federal courts have the power to hear only two types of cases: cases over issues "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and disputes between citizens of different states, 28 U.S.C. § 1332. It is well-settled that a defendant may remove a case from state to federal court if the state-court action "could have been filed in federal court" in the first place. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441(a). Where removal is based on diversity of citizenship, Section 1441(b) imposes an additional condition known as the "forum defendant rule": "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In other words, Section 1441(b) allows a defendant to move a state case into federal court if the state case presents a federal question, or if the parties are citizens of diverse states and the defendant is not a citizen of the forum state.

Where this Court's jurisdiction on removal is challenged, the burden is on the removing party to demonstrate that subject matter jurisdiction exists as claimed. *In re Nat'l Football League Players Concussion Injury Litig.*, 775 F.3d 570, 574 (3d Cir. 2014). The federal removal statute, 28 U.S.C. § 1441, "is strictly construed, requiring remand if any doubt exists over whether removal

was proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (citing *Abels v. State Far, Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

In this case, it is clear there is no federal question jurisdiction. The Complaint rests exclusively on the New Jersey State Wage and Hour Law and, thus, raises only state law claims. (*See* Compl. ¶ 1.) And it is well-settled that "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Similarly, Defendants failed to demonstrate diversity jurisdiction because it is apparent that 28 U.S.C. § 1441 prohibits the Kazamias Defendants from removing this case to federal court since the Canka Defendants and Kazamias are all New Jersey residents. (Compl. ¶¶ 6-8.) Because at least one defendant is domiciled in New Jersey, the Kazamias Defendants improperly removed the case to this Court. *See* 28 U.S.C. § 1441(b)(2). In the absence of any basis for subject matter jurisdiction, this case must be remanded back to the Superior Court of New Jersey, Law Division, Monmouth County.[3]

**IT IS THEREFORE,** on this 12th day of July 2023, **ORDERED** as follows:

1. Plaintiff's Motion to Remand (ECF No. 1) is GRANTED.
2. This Case is remanded to the Superior Court of New Jersey, Law Division, Monmouth County.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiff also points out that the Kazamias Defendants' failure to obtain unanimous consent to remove provides an additional basis for the Court to remand this case. (*See* Pl.'s Moving Br. 5.) Because the Court finds removal improper based on the forum defendant rule, the Court declines to consider this argument.